**Farmers' League & Community Telephone Association, Appellee, v. Ohio & Mississippi Valley Telephone Company, Appellant.**

### (Not to be reported in full.)

Appeal from the Circuit Court of Jackson county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed May 1, 1915.

### Statement of the Case.

Action in assumpsit by the Farmers' League & Community Telephone Association, a corporation, against the Ohio & Mississippi Valley Telephone Company to recover damages for a breach of contract. From a judgment for plaintiff, defendant appeals.

The contract sued on provided that defendant in consideration of the rental and toll derived from subscribers to the Carbondale and Marion, Illinois, exchange service of plaintiff, and certain additional considerations later set forth in the contract, would operate plaintiff's telephone exchange plant then in operation in Carbondale and Marion for a term of fifteen years from May 1, 1909; that by the term "exchange plant" in each of said cities was meant "all outside exchange poles, cables, wires, cross arms, fixtures and appurtenances and the central office equipment including switch boards, cables, protectors, distributing racks, office furniture, fixtures and appurtenances;"

that defendant would furnish free of charge through its exchanges, two telephones to the city of Carbondale and one to the city of Marion as required by the franchise granted by said cities respectively, said phones being located where the several city councils should designate; that defendant would also furnish the free use of all its lines to the bona fide subscribers to the system service over all lines owned or controlled by plaintiff, and in addition would give to subscribers in Jackson county connected with plaintiff's Carbondale exchange free use of all lines owned or controlled by defendant in said county, and in like manner would give free use to plaintiff's subscribers of the local lines owned or controlled by defendant in Williamson county connected with defendant's Marion exchange. It was further agreed that plaintiff's lines not ringing direct to the Carbondale switchboard should have free use of defendant's local lines in Jackson county or lines connected therewith; and that those in Williamson county not running direct with the switchboard at Marion should have free use of defendant's local lines and connections in that county; that in like manner plaintiff's subscribers in Union county should have free use of defendant's lines and connections in that county not calling through the switchboard at Anna, but that such free use above provided for should not extend beyond the county lines. It was further agreed that when five or more of plaintiff's subscribers should build a line with five or more telephones connected therewith to the corporate limits of either of the three cities above named, defendant would connect said line with the central office of the city so connected with free of charge, and that the rate to be paid defendant by said subscribers for each of the telephones so connected would be fifty cents per month; that defendant would connect all lines then existing within the corporate limits of Carbondale and within the corporate limits of Marion and make all connections with the telephone of plaintiff's bona fide sub-

scribers and make all reports to the local exchange plants in said cities, meaning thereby all outside exchange poles, cables, wires, cross arms, poles, fixtures and appurtenances, the central office equipment, including switchboards, cables, cable protectors, distributing racks, office furniture and fixtures and appurtenances, so, as to keep the same in good condition, but that nothing in the agreement should be construed as an obligation on the part of the defendant to clear trouble on or maintain any part of the plants outside of the corporate limits of said cities; that when a bona fide subscriber of plaintiff for a period of one year should move from the country to Carbondale or Marion he should become as the other subscribers within the corporate limits of said cities and receive the same benefits; that defendant should furnish plaintiff's subscribers service during the life of the contract at the same rate that was enforced at the time the contract was entered into and of the same standard of quality, and that defendant should pay the taxes on said telephone property of plaintiff now located in the corporate limits of said cities of Carbondale and Marion. It was further agreed that in case defendant failed to carry out any of the covenants of the agreement, plaintiff might enter upon and take possession of the property covered thereby, and that plaintiff should not sell any additional shares of stock in Carbondale and Marion; also that the agreement so far as it applied to Carbondale and Marion included only the present bona fide subscribers therein and did not admit of any additional local subscribers being connected and enjoying the benefits provided for by the agreement.

The declaration averred that plaintiff had well and truly performed and fulfilled all its part of the agreement mentioned in said contract to be done and performed by it but that defendant had not performed its part of the contract, the breaches assigned being that it had neglected and refused to furnish subscrib-

ers of plaintiff service of the same standard of quality as that furnished subscribers of defendant; that it discriminated against subscribers of plaintiff; that it had failed to connect five subscribers of plaintiff who had constructed a line to the corporate limits of the city of Anna; that it neglected and refused to give subscribers of plaintiff free service to all subscribers in Jackson county not ringing direct to the Carbondale switchboard, and the same averment was made with reference to subscribers in Williamson and Union counties not ringing directly to the Marion and Anna switchboards; that it failed to connect with all lines of plaintiff existing at the date of the contract within the corporate limits of Carbondale and thereby deprived subscribers of plaintiff with connections from within the city of Carbondale to Makanda and elsewhere; that it had refused and neglected to make reports of the exchanges and plants of plaintiff within the cities of Carbondale and Marion and had allowed plaintiff's poles and wires to become out of repair, rot and decay, thereby depriving plaintiff and its subscribers of telephone connections from the city of Carbondale to other points in Jackson county, and that defendant had otherwise failed to keep and observe its contract; that by reason of the neglect aforesaid on the part of defendant, the property and good-will of plaintiff had been damaged and it had been hindered and prevented from getting new subscribers and from selling its shares of stock outside of the cities of Carbondale and Marion.

Defendant pleaded the general issue and four additional pleas. The first additional plea alleged that one of the principal considerations leading defendant to enter into the contract was that plaintiff agreed to make defendant a valid lease of its telephone exchange plant in the city of Carbondale which it had failed to do. The second averred that the ordinances of said city, granting the franchise to plaintiff for its telephone plant, provided that the same could only be

**170**     APPELLATE COURTS OF ILLINOIS.

Farmers' L. & C. Tel. Ass'n v. Ohio & M. V. Tel. Co., 194 Ill. 166.

transferred by the payment of $5,000 to the city; that plaintiff did not pay said sum and therefore said contract was void. The third stated that plaintiff represented it was the owner of the telephone exchange plant in the city of Marion, mentioned in the contract, and had full right to lease the same to defendant, and would defend the same against all incumbrances and liens, and warrants peaceable possession thereof; but that the switchboard at such place had been seized by the sheriff of the county by virtue of an execution against plaintiff, since which time such switchboard had not been in the possession of defendant; that a large number of other articles and equipment comprising said exchange had also been seized under execution and that defendant had been forced to pay the sum of $500 to settle liens and incumbrances against said property. The fourth was a plea of *nul tiel corporation.* To each of these additional pleas a demurrer was filed by plaintiff, which was sustained by the court and defendant thereupon elected to abide by its pleas.

MARTIN & GLENN and SCHWARTZ & HAYS, for appellant.

W. W. BARR and C. E. FEIRICH, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 59*—*when third person estopped to deny corporate existence.* One who enters into a contract with a corporation and transacts business with it in that capacity will not be heard to deny its corporate existence in an action involving an alleged breach of the contract.

2. CONTRACTS, § 360*—*when plea not demurrable.* Pleas which set up as partial defense to an action for damages for breach of

*See **Illinois Notes Digest,** Vols. **XI** to **XV,** and **Cumulative Quarterly,** same topic and section number.

contract, facts which have arisen since the contract was entered into and show failure to keep material provisions of the contract, are not demurrable.

3. INSTRUCTIONS, § 129*—*what are requisites of instruction directing a verdict.* If an instruction in an action of assumpsit for damages for breach of a contract directs a verdict for either party or amounts to such a direction in case the jury shall find certain facts, it must necessarily contain all the facts which will authorize the verdict directed, and it is immaterial that it does not undertake to instruct the jury as to the whole case but only as to particular parts of the contract.

4. SET-OFF AND RECOUPMENT, § 8*—*when damages may be set off.* Damages incurred by the payment of liens upon a telephone exchange and equipment which had been seized under execution, may properly be set off in an action of assumpsit for damages for the breach of a contract to lease the telephone system.